300 A.2d 1 (1972)
In the Matter of the ESTATE of Mary Emily Johnston REED, Deceased.
Supreme Court of Delaware.
December 21, 1972.
Peter Warren Green, of Booker, Green, Shaffer, Berl & Wise, Wilmington, for appellant.
James T. McKinstry, of Richards, Layton & Finger, Wilmington, for appellee.
WOLCOTT, C. J. and CAREY and HERRMANN, JJ., sitting.
PER CURIAM:
In 1963, testatrix executed a will in which she left $5.00 to her sister, the appellant, and the bulk of the estate to a charity. The testatrix died in 1970 and her sister now attacks the will on the grounds that the testatrix lacked testamentary capacity at the time of execution of the will seven years before her death.
The appellant opposed probate of the will before the Register of Wills. After a hearing, the Register ordered probate. Appellant appealed to the Court of Chancery, which affirmed the Register's decision.
Two arguments for reversal of the Chancellor are advanced. Both are without merit.
First, appellant argues that the Court of Chancery's decision should be reversed since testatrix lacked the necessary testamentary capacity. We find, however, that the Chancellor's decision was amply *2 supported by the record. Several friends and business acquaintances of testatrix, her minister, an attorney, and a physician testified at the Register's hearing as to the mental competence of testatrix at the time she executed her will. On the other hand, appellant presented only her own testimony, that of her husband, and that of a doctor who examined testatrix twice, more than a year after she executed the will. Accordingly, the question became one of weighing the evidence, and the record clearly demonstrates that appellant failed to meet her burden of proving the lack of testamentary capacity. In re Barne's Will, Del.Super., 2 Terry 206, 18 A.2d 433 (1941).
The second argument appellant propounds is that the Court of Chancery abused its discretion in refusing to hear additional evidence when it reviewed the Register's decision. Appellant did not request the Court below to open the record when the case was before it. Absent such a request, there was no abuse of discretion for failing to open the record.
The judgment below is affirmed.